## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CHARLES ALLAN REY and, | ) | No. 04 B 35040 |
| DOLORES ANN REY, | ) | |
| | ) | |
| Debtors. | ) | Judge Goldgar |

### FINAL PRETRIAL ORDER

This matter is set for hearing on (1) the motion of Northview Bank & Trust to modify stay and (2) the motion of the debtors to obtain post-petition financing, enter into contract and modify adequate protection order, at the United States Courthouse, 219 South Dearborn Street, Room 613, Chicago, Illinois on November 9, 2005 at 2:00 p.m. At the court's discretion, the hearing will continue from day to day until completed. Unless modified by the court, the following provisions will govern the course of proceedings in this case:

1. **Continuances.** The hearing date is firm. No continuance of the hearing date will be granted other than for exceptionally good cause shown. Any motion for continuance must be presented, with proper notice, at least ten (10) days before the hearing date.

2. **Discovery.** The parties are given leave to take expedited discovery. Final discovery cutoff is October 28, 2005.

3. **Pleadings and Dispositive Motions.** No party seeks to file any further pleadings or any potentially dispositive motions.

4. **Exhibits and Exhibit Lists.** On or before November 4, 2005, all parties must exchange copies of all exhibits to be introduced into evidence. Each proposed exhibit must be clearly numbered in the order of its probable presentation at the hearing. Each document must be given a separate exhibit number.

In addition to the exhibits, all parties must exchange and file with the court a list of the numbered exhibits. Next to each exhibit a brief description of each exhibit must be provided.

One (1) set of the exhibits and one (2) copy of the exhibit list must be submitted to chambers.

If no written objection to an exhibit is filed with the court and tendered to the proponent by close of business on November 7, 2005 the exhibit will be deemed admitted into evidence. A copy of any objection filed must be submitted to chambers.

5. **Witnesses and Witness Lists.** On or before November 4, 2005, all parties must exchange and file with the court a list of all witnesses they intend to call at the hearing, together with a brief description of the subject matter of the witness's testimony.

6. **Motions *in limine*.** All motions to limit, exclude or bar testimony of a witness, or to exclude deposition testimony, must be filed no later than November 7, 2005. A copy of any motion filed must be submitted to chambers.

7. **Trial Briefs.** No trial briefs are required. If parties wish to file trial briefs, however, they may do so. Any trial briefs are due on or before November 7, 2005. The page limit is fifteen (15) pages, unless the court orders otherwise. The brief should (1) describe what the party believes the evidence at the hearing will show, (2) identify the salient legal issues, and (3) provide a thorough and complete legal argument, with citations to relevant legal authorities, supporting the party's contentions on the merits.

8. **Compliance with this Order.** Failure to comply with this Order *will* result in the imposition of appropriate sanctions pursuant to Rule 16(f), Fed. R. Civ. P. 16(f) (made applicable by Fed. R. Bankr. R. Rule 7016). These include, but are not limited to, the following:

   a. Any exhibit not listed and exchanged in accordance with this Order will not be admitted into evidence. A party who fails to exchange and file the list of exhibits that this Order requires will be precluded from introducing any exhibits into evidence. *In re Maurice*, 21 F.3d 767 (7th Cir. 1994).

   b. Any witness not identified and listed in accordance with this Order will be barred from testifying at the hearing. A party who fails to exchange and file with the court the list of witnesses that this Order requires will be barred from presenting any witnesses. *In re Maurice*, 21 F.3d 767 (7th Cir. 1994).

Dated: September 26, 2005

ENTER: _____
A. Benjamin Goldgar
United States Bankruptcy Judge