UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| CHARLES ALLAN REY, *et al.*, | ) | No. 04 B 35040 |
| | ) | (substantively consolidated) |
| | ) | |
| Debtors. | ) | Judge Goldgar |

## FINAL PRETRIAL ORDER

This matter is set for hearing at the United States Courthouse, 219 South Dearborn Street, Courtroom 613, Chicago, Illinois, on January 13, 2010, at 1:30 p.m. on the Trustee's Objections to Claims Nos. 33, 34, 35, and 36. At the court's discretion, the hearing will continue from day to day until completed. Unless modified by the court, the following provisions will govern the course of proceedings in this case:

**1. Continuances.** The hearing date is firm. No continuance of the hearing date will be granted other than for exceptionally good cause shown. Any motion for continuance must be presented, with proper notice, at least ten (10) days before the hearing date.

**2. Discovery.** Final discovery cut-off is December 14, 2009. All discovery must be completed by that date.

**3. Pleadings and Dispositive Motions.** No party seeks to file any dispositive motions.

**4. Exhibits and Exhibit Lists.** Twenty-one (21) days before the hearing date, all parties must exchange copies of all exhibits to be introduced into evidence. Each proposed exhibit must be clearly numbered (not designated with a letter or other symbol) in the order of its probable presentation at the hearing. Each document must be given a separate exhibit number.

In addition to the exhibits, all parties must exchange and file with the court a list of the numbered exhibits. Next to each exhibit a brief description of each exhibit must be provided.

One (1) set of the exhibits and one (1) copy of the exhibit list must be submitted to chambers on the filing date.

Demonstrative exhibits that parties intend to use at the hearing must also be marked, included on the exhibit lists, and exchanged twenty-one (21) days before the hearing date.

If no written objection to an exhibit is filed with the court and tendered to the proponent within seven (7) days of the receipt of the proposed exhibit, the exhibit will be deemed admitted into evidence. A specific ground must be stated for each objection or the objection will be deemed waived. Demonstrative exhibits will be deemed admitted "as "demonstrative only."

**5. Witnesses and Witness Lists.** Twenty-one (21) days before the hearing date, all parties must exchange and file with the court a list of all witnesses they intend to call at the hearing, together with a brief description of the subject matter of the witness's testimony.

One (1) copy of the witness list must be submitted to chambers on the filing date.

**6. Depositions.**

   **a. Transcribed depositions.** If deposition transcripts are to be read into evidence, twenty-eight (28) days before trial the parties must file with the court and serve on all other parties a list of the depositions, designating by page and line number the portions to be read. A list of counterdesignations by page and line number, and any evidentiary objections to the initial designations, must be filed and served seven (7) days later. Evidentiary objections to the counterdesignations must be filed and served seven (7) days after that.

Complete copies of the deposition transcripts showing the designated and counterdesignated testimony (designated testimony highlighted in yellow, counterdesignated testimony highlighted in pink or some other contrasting color), along with copies of evidentiary objections to any designated or counterdesignated deposition testimony, must be submitted to chambers seven (7) days before trial.

   **b. Video depositions.** No video deposition may be used at trial unless a written transcript of the deposition has also been prepared. *See* Fed. R. Civ. P. 32(c) (made applicable by Fed. R. Bankr. P. 7032).

If a party proposes to use a video deposition at trial, twenty-eight (28) days before trial the party must file with the court and serve on all other parties a list of the video depositions, designating by page and line number of the written transcript the portions to be shown at trial. A list of counterdesignations by page and line number, and any evidentiary objections, to the initial designations must be filed and served seven (7) days later. Evidentiary objections to the counterdesignations

must be filed and served seven (7) days after that.

Complete copies of the written transcripts of the video depositions showing the designated and counterdesignated testimony (designated testimony highlighted in yellow, counterdesignated testimony highlighted in pink or some other contrasting color), along with copies of evidentiary objections to any designated or counterdesignated deposition testimony, must be submitted to chambers seven (7) days before trial.

The party proposing to offer video deposition testimony at trial must supply all equipment necessary to show the video testimony and must be prepared to operate the equipment at trial.

**7. Trial Briefs.** Each party *must* file a trial brief. The brief must be filed no later than seven (7) days before the hearing date. The page limit is fifteen (15) pages, unless the court orders otherwise. The brief must (1) describe what the party believes the evidence at the hearing will show, (2) identify the salient legal issues, and (3) provide a thorough and complete legal argument, with citations to relevant legal authorities, supporting the party's contentions on the merits.

**8. Compliance with this Order.** Failure to comply with this Order *will* result in the imposition of appropriate sanctions pursuant to Rule 16(f), Fed. R. Civ. P. 16(f) (made applicable by Fed. R. Bankr. R. Rule 7016). These include, but are not limited to, the following:

   a.   Any exhibit not listed and exchanged in accordance with this Order will not be admitted into evidence. A party who fails to exchange and file the list of exhibits that this Order requires will be precluded from introducing any exhibits into evidence. *In re Maurice,* 21 F.3d 767 (7th Cir. 1994).

   b.   Any witness not identified and listed in accordance with this Order will be barred from testifying at the hearing. A party who fails to exchange and file with the court the list of witnesses that this Order requires will be barred from presenting any witnesses. *In re Maurice,* 21 F.3d 767 (7th Cir. 1994).

   c.   Any legal claim, theory or argument not raised and thoroughly discussed in a party's trial brief with appropriate citations to legal authority will be deemed waived. The claim will not be considered, and no evidence relevant to it will be admitted. *SNA Nut Co. v. Haagen-Dazs Co.,* 302 F.3d 725 (7th Cir. 2002).

   d.   Failure to file a trial brief will bar a party from presenting any

witnesses or introducing any evidence at trial. *In re Maurice*, 21 F.3d 767 (7th Cir. 1994).

Dated:  August 26, 2009

ENTER: _____
A. Benjamin Goldgar
United States Bankruptcy Judge